### BAER v. HOFFMAN.

(Supreme Court, Appellate Division, First Department.   May 3, 1912.)

BILLS AND NOTES (§ 489*)—ACTIONS—PLEADING—VARIANCE.

  In an action against an indorser of a note, the complaint alleged that notice of presentment, demand, nonpayment, and protest was waived by defendant's part payments on account of the note. The note provided for presentment at a named bank, and the evidence failed to show that presentment for payment had been made in accordance with the provisions of the Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 133. *Held* that, defendant having denied the allegations of the complaint, plaintiff could not recover in the absence of proof of presentment for payment; the complaint merely alleging waiver of due notice of dishonor.

  [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

Appeal from Appellate Term.

Action by Nathan Baer against George Hoffman, impleaded as an indorser. From a judgment of the Appellate Term, affirming the judgment of the City Court, the defendant appeals by permission. Reversed and remanded.

See, also, 132 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Leo Fassler, of New York City, for appellant.
Chas. H. Griffiths, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. Appellant is sued as indorser upon a promissory note which by its terms was payable at the Hudson Trust Company. The complaint alleges that, when the said note by its terms became due and payable, it was duly presented for payment, according to the tenor thereof, and payment was duly demanded, which was refused, and thereupon said note was duly protested for such nonpayment. It is further alleged:

"That thereafter notice of the presentment, demand, nonpayment, and protest of said note as aforesaid was not given to the defendants within the time required to charge the indorser thereof, to wit, the defendant, George Hoffman, but that, notwithstanding the omission to give such notice, the said defendant Hoffman, with knowledge of such omission, did thereafter make payments on account of said note, and promised the then holder thereof to pay the balance remaining due after crediting such payments, and that by reason thereof the said defendant, Hoffman, waived the notice of dishonor and the omission to give same."

All these allegations are denied, and the plaintiff put to his proof.

It is clear that the complaint alleges due presentment, and that the only waiver alleged is of due notice of dishonor. This does not include waiver of due presentment. It was therefore incumbent upon plaintiff to prove due presentment, which means that he should have proven that on the date on which the note fell due it was presented for payment at the Hudson Trust Company, where by its tenor it was payable. Section 133, Negotiable Instruments Law. This proof the plaintiff did not make, and thereby failed to prove the case alleged in the complaint. It must therefore be assumed, for the purposes of this appeal, that due presentment and demand was not made, and that the indorser was thereby released, as well as by the subsequent failure to give him due notice of dishonor. The evidence at most might have justified a finding that the appellant had waived the omission to give him due notice of dishonor, and this is all that the complaint alleges that he waived. It is not alleged that he waived due presentment and demand, nor does it appear that he knew that there had been any omission in this regard. He could not be held to have waived that of which he was ignorant.

The judgment and determination appealed from must be reversed, and a new trial granted, with costs to the appellant in all courts to abide the event. All concur.